UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CAC ATLANTIC LLC,

                Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,

                Defendant.
-----------------------------------------------------------------X
HARTFORD FIRE INSURANCE COMPANY,

                Third-Party Plaintiff,

v.

HARCO CONSTRUCTION LLC,
HARCO CONSULTANTS CORP.,
and ACHS MANAGEMENT CORP.,

                Third-Party Defendants.
-----------------------------------------------------------------X

**Case No. 1:16-cv-5454**

**AMENDED THIRD-PARTY COMPLAINT OF HARTFORD FIRE INSURANCE COMPANY**

Third-Party Plaintiff Hartford Fire Insurance Company ("Hartford"), by and through its attorneys, Mound Cotton Wollan & Greengrass LLP, as and for its Amended Third-Party Complaint against Third-Party Defendants Harco Construction LLC ("Harco Construction"), Harco Consultants Corp. ("Harco Consultants"), and ACHS Management Corp. ('ACHS"), hereby alleges as follows:

## JURISDICTION

1. Third-Party Plaintiff Hartford is a Connecticut corporation with its principal place of business in Connecticut.

2. Upon information and belief, Third-Party Defendant Harco Construction is a New York limited liability company all of whose members are citizens of the State of New York.

3. Upon information and belief, Third-Party Defendant Harco Consultants is a New York corporation with its principal place of business in New York.

4. Upon information and belief, Third-Party Defendant ACHS is a New York corporation with its principal place of business in New York.

5. The amount in controversy in this action is in excess of $75,000 exclusive of interests and costs, in that Plaintiff CAC Atlantic LLC ("CAC Atlantic") has alleged in its Complaint that it sustained damages in the sum of at least $16,500,000 by reason of Defendant/Third-Party Plaintiff Hartford's alleged breach of Policy No. 12 MS ZA2505 (the "Policy") issued by Hartford to CAC Atlantic, and Hartford's Third-Party Complaint seeks a determination of the rights and obligations of the parties with respect to the Policy in connection with the loss alleged in CAC Atlantic's Complaint.

## FACTS

6. Subject to its terms, conditions, exclusions and limitations, the Policy provides builder's risk coverage with respect to the property located at 66 Boerum Place, Brooklyn, NY 11201 (the "Project").

7. Upon information and belief, Plaintiff CAC Atlantic is the owner of the Project, Harco Construction is the construction manager and general contractor of the Project and Harco Consultants executed contracts concerning the Project with Global Structures LLC.

8. The Policy listed as Named Insureds CAC Atlantic, Harco Construction, Harco Consultants and ACHS.

9. The Insuring Agreement of the Policy provides as follows:

**A. COVERAGE**

**We will pay for direct physical "loss" to Covered Property caused by any of the Covered Causes of Loss.**

* * *

>     3. **Covered Causes of Loss**
>
>     **Covered Causes of Loss means RISKS OF DIRECT PHYSICAL "LOSS" to Covered Property from any external cause except those causes of "loss" listed in the Exclusions.**

(Builders Risk Coverage Form § A.3.)

10. The Policy contains the following exclusion:

> **B. EXCLUSIONS**
>
>   2. **We will not pay for "loss" caused by or resulting from any of the following:**
>
>      f. Defective, deficient or flawed workmanship or materials, or for expenses to redesign or revise flawed or defective plans or architectural designs.
>
>      But we will pay for "loss" to other Covered Property that results from such defective workmanship, materials or design provided such loss or damage is not otherwise excluded in this policy.

(Builders Risk Coverage Form § B.2.f.)

11. The Policy also contains the following exclusion:

> **B. EXCLUSIONS**
>
>   2. **We will not pay for "loss" caused by or resulting from any of the following:**
>
>      g. Dishonest or criminal acts by you, any of your partners, employees including leased employees, directors, trustees, authorized representatives or anyone else to whom you entrust the property for any purpose.
>
>      This exclusion applies whether the persons referred to above are acting alone or in collusion with others or whether or not the loss occurs during the hours of employment.

The exclusion does not apply to property entrusted to carriers for hire or to acts of destruction by your employees. Theft by employees is not covered.

(Builders Risk Coverage Form § B.2.g.)

12. The Policy also contains the following exclusion:

**B.  EXCLUSIONS**

**1.  We will not pay for "loss" caused directly or indirectly by or resulting from any of the following.  Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".**

\*   \*   \*

h. Acts, errors or omissions by you or others in planning, zoning, developing, surveying, soil testing or siting property, or in establishing or enforcing any building code, standard, ordinance or law except as may be provided in the Additional Conditions-Ordinance or Law coverage provided in this policy.

(Builders Risk Coverage Form § B.1.h.)

13. The Policy also contains the following exclusion:

**B.  EXCLUSIONS**

**2.  We will not pay for "loss" caused by or resulting from any of the following:**

a. Delay, loss of use, loss of market, depreciation, obsolescence or any other consequential "loss".

(Builders Risk Coverage Form § B.2.a.)

14. The Policy also contains the following exclusion:

**B.  EXCLUSIONS**

**2.  We will not pay for "loss" caused by or resulting from any of the following:**

     b.  Wear and tear, rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

(Builders Risk Coverage Form § B.2.b.)

  15.  On or about March 27, 2015 Hartford received a first notice of loss with respect to a purported loss at the Project arising from acts, errors and/or omissions by Global Structures LLC, which subcontracted to perform construction and engineering services at the Project (the "Claim").

  16.  In or about September 2015, CAC Atlantic and Harco Construction submitted a Sworn Statement in Proof of Loss for the Claim to Hartford, stating in pertinent part that "A FRAUD loss [was] DISCOVERED ON the 26TH day of MARCH 2015. The cause and origin of the said loss were: FRAUD."

  17.  The Proof of Loss stated that the actual cash value of the loss sustained by CAC Atlantic and Harco Construction was $14,267,703.

  18.  Hartford rejected the Proof of Loss on the ground that it did not provide sufficient documentation in support of the claimed values, or adequate explanation of the cause of loss being claimed by CAC Atlantic and Harco Construction.

  19.  In connection with its investigation of the Claim, Hartford conducted an examination under oath. Andrew Kalish, who was the senior project manager for the Project on behalf of Harco Construction, testified on behalf of both CAC Atlantic and Harco Construction with respect to the Claim.

  20.  At the examination under oath, which was conducted on January 12, 2016 and March 4, 2016, Mr. Kalish testified in sum and substance that Global Structures LLC performed work at the Project that was defective, and did not comply with the plans for the Project. He also

testified that the "City of New York had shut us down. And told us that it's their opinion the building is structurally defective."

21. Mr. Kalish also testified that CAC Atlantic and/or Harco Construction had to spend money to correct Global Structure LLC's defective work, and had to damage or destroy non-defective work to fix Global Structure LLC's defective work.

22. In May 2015, CAC Atlantic brought suit against Global Structures LLC, in New York State Supreme Court, New York County (the "Fraud Action").

23. In its complaint in the Fraud Action, CAC Atlantic asserted causes of action for breach of contract, negligence, fraud and theft.

24. By letter dated May 13, 2016, Hartford denied coverage for the claim submitted by CAC Atlantic and Harco Construction.

## FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

25. Hartford repeats and realleges the allegations set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. There is no coverage for the loss alleged in the Complaint on the ground that CAC Atlantic, Harco Construction, Harco Consultants, and ACHS did not sustain a "direct physical loss" to Covered Property from an external cause, as expressly required under the Insuring Agreement of the Policy.

27. Any loss sustained by CAC Atlantic, Harco Construction, Harco Consultants and/or ACHS was caused by the need of those insureds to repair or replace the defective workmanship of Global Structures, or by Global Structures' dishonest and fraudulent representations concerning its work or its payment to subcontractors.

28. Accordingly, because any loss allegedly sustained by CAC Atlantic, Harco Construction, Harco Consultants, and/or ACHS does not fall within the Insuring Agreement of the Policy, Hartford is entitled to a declaration that there is no coverage under the Policy for this loss.

## SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT

29. Hartford repeats and realleges the allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

30. There is no coverage for any loss allegedly sustained by CAC Atlantic, Harco Construction, Harco Consultants and/or ACHS on the ground that coverage is precluded by Exclusion B.2.f. of the Policy, the defective workmanship exclusion.

31. Inasmuch as the Claim arises from the failure of Global Structures to perform its services in a manner commensurate with the subcontract and "standard business practices and procedures," which resulted in the need by CAC Atlantic, Harco Construction, Harco Consultants and/or ACHS to incur costs to repair the defective work, Hartford is entitled to a declaration that there is no coverage under the Policy for this loss.

## THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT

32. Hartford repeats and realleges the allegations set forth in paragraphs 1 through 31 above as if fully set forth herein.

33. There is no coverage for any loss allegedly sustained by CAC Atlantic, Harco Construction, Harco Consultants and/or ACHS on the ground that coverage is precluded by Exclusion B.2.g. of the Policy, the dishonest or criminal acts exclusion.

34. Inasmuch as the Claim arises from theft and the dishonest and fraudulent acts of Global Structures, as alleged in the Fraud Action, Hartford is entitled to a declaration that there is no coverage under the Policy for this loss.

### FOURTH CAUSE OF ACTION – DECLARATORY JUDGMENT

35. Hartford repeats and realleges the allegations set forth in paragraphs 1 through 34 above as if fully set forth herein.

36. There is no coverage for any loss allegedly sustained by CAC Atlantic, Harco Construction, Harco Consultants and/or ACHS by reason of Exclusion B.1.h of the Policy.

37. To the extent that the Claim arises from defective designs prepared and/or submitted by Global Structures and/or its principal John Hildreth, Hartford is entitled to a declaration that there is no coverage under the Policy for this loss by reason of Exclusion B.1.h.

### FIFTH CAUSE OF ACTION – DECLARATORY JUDGMENT

38. Hartford repeats and realleges the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. There is no coverage under the Policy for any loss caused by or resulting from any delay, loss of use, loss of market, depreciation, obsolescence or any other consequential loss by reason of Exclusion B.2.a.

40. To the extent that any loss allegedly sustained by CAC Atlantic, Harco Construction, Harco Consultants and/or ACHS was caused by or resulting from any delay, loss of use, loss of market, depreciation, obsolescence or any other consequential loss, Hartford is entitled to a declaration that there is no coverage under the Policy.

## SIXTH CAUSE OF ACTION – DECLARATORY JUDGMENT

41. Hartford repeats and realleges the allegations set forth in paragraphs 1 through 40 above as if fully set forth herein.

42. There is no coverage under the Policy for any hidden or latent defect by reason of Exclusion B.2.b.

43. To the extent that any loss allegedly sustained by CAC Atlantic, Harco Construction, Harco Consultants and/or ACHS was caused by defective designs submitted and/or prepared by Global Structures and/or its principal, John Hildreth, Hartford is entitled to a declaration that there is no coverage under the Policy by reason of Exclusion B.2.b.

**WHEREFORE**, Hartford demands judgment:

A. On its first cause of action, declaring that there is no coverage for this loss under the Policy on the ground that the losses alleged do not fall within the Insuring Agreement of the Policy;

B. On its second cause of action, declaring that there is no coverage for this loss under the Policy by reason of the defective workmanship exclusion;

C. On its third cause of action, declaring that there is no coverage for this loss under the Policy by reason of the dishonest or criminal acts exclusion;

D. On its fourth cause of action, declaring that there is no coverage for this loss under the Policy by reason of the planning and zoning exclusion;

E. On its fifth cause of action, declaring that there is no coverage for this loss under the Policy by reason of the delay exclusion;

F. On its sixth cause of action, declaring that there is no coverage for this loss under the Policy by reason of the latent defect exclusion;

G. Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 27, 2017

                              MOUND COTTON WOLLAN &
                              GREENGRASS LLP

By:    s/Sanjit Shah
        Lloyd A. Gura
        Sanjit Shah
        *Attorneys for Defendant*
        *Hartford Fire Insurance Company*
        One New York Plaza
        New York, New York 10004
        Phone: (212) 804-4200
        Fax:   (212) 344-8066
        lgura@moundcotton.com
        sshah@moundcotton.com